**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| MICHAEL W. CARROLL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:12-CV-179 (WLS) |
| : | |
| AVERITT EXPRES, INC., and : | |
| RICHARD L. GILBERT, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Presently before the Court is Defendants' Motion to Amend the Scheduling Order to Extend the Discovery Period (Doc. 23), filed July 31, 2013. The discovery deadline in the above-captioned matter expired on July 31, 2013. (Doc. 18 at 1.) Defendants' motion seeks to enlarge the discovery period to September 2, 2013, to allow Defendants to complete remaining depositions. (*See generally* Doc. 24.) On August 2, 2013, Plaintiff filed an opposition to this request on the grounds that Defendants' need for an extension is due to Defendants' failure to diligently pursue discovery. (Doc. 25 at 3.) On August 2, 2013, Defendants filed a Notice of Intent to File Reply. (Doc. 26.) On August 2, 2013, Plaintiff filed its Objection to Defendants' Notice of Intent to File Reply Brief. (Doc. 27.) On August 2, 2013, Defendants filed their Reply in Support of the Motion to Amend the Scheduling Order. (Doc. 28.)

After reviewing both Parties' submissions on Defendants' Motion to Extend Discovery, the Court fails to see the prejudice that will result from the grant of a brief

1

extension of the discovery deadline.[1]  Therefore, the Court will grant Defendants' request for an extension of the discovery deadline through to **Thursday, September 12, 2013**.[2]  Accordingly, it is **ORDERED** that the Discovery and Scheduling Order is hereby amended to provide for the completion of discovery **not later than Thursday, September 12, 2013**. To accommodate the discovery extension, the deadline for dispositive motions is hereby amended so that dispositive motions must be filed **not later than Monday, October 28, 2013.**

As for Plaintiff's *substantive* concerns about the scope of the discovery sought, an opposition brief to a motion to extend the discovery deadline is not the appropriate vehicle to express these concerns.  Plaintiff is free to file an appropriate discovery motion to challenge the discovery sought by Defendants.

Finally, needless to say, the Court finds it troubling that the Parties felt the need to engage in substantive briefing over a minor discovery extension issue.  In the future, the Parties should remain mindful of the companion, and lofty, principles of courtesy and restraint, especially when the absence of both squanders already limited judicial resources.  The Court also finds it appropriate to point the Parties to the Local Rules for this Court that instruct lawyers to 1) avoid creating *unnecessary* animosity or contentiousness and 2) avoid setting forth allegations against another lawyer *unless relevant* to the proceeding and well founded.  M.D. Ga. L.R., Standards of Conduct.

---

[1] The Court recognizes that the "good cause" standard of Federal Rule of Civil Procedure 16 is the proper rubric for evaluating Defendants' motion, and not an assessment of prejudice. Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent.")  The Court finds, however, that belated disclosure of fact witnesses is "good cause" for a discovery extension, even if these witnesses may have been otherwise generally identifiable by the discovery documents.  Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that the disclosing party provide the "name" of each individual likely to have discoverable information.  Plaintiff's vague initial disclosures do not appear to meet this requirement.  As such, Plaintiff should not now be permitted to argue that Defendants should have been aware of Plaintiff's fact witnesses through their own due diligence.

[2] The Court is setting the new deadline for 30 days following entry of this order to account for the time loss during briefing.

**SO ORDERED**, this   13th   day of August, 2013.

                                            /s/ W. Louis Sands
                                            **THE HONORABLE W. LOUIS SANDS,**
                                            **UNITED STATES DISTRICT COURT**